OCTOBER AND NOVEMBER TERM, 1881, No. 102.

## Orr *versus* Seiler.

1. A purchaser from a tenant told the landlord that he had bought three signs and a partition. One of the signs and the partition belonged to the landlord. The landlord informed his agent, and the latter, on examining the premises and failing to see the sign, without authority caused the arrest of the tenant. In point of fact, the sign was on the roof of the house, and the purchaser had carried off the partition without permission of the tenant. At the hearing the tenant was discharged. *Held,* in an action by the tenant against the agent for malicious prosecution, that these facts did not constitute probable cause.

[Orr *v.* Seiler.]

2. The plaintiff was entitled to recover exemplary damages.

3. When one accused of crime has been discharged by the examining magistrate, and brings an action for malicious prosecution against the prosecutor, the burden of proving probable cause is on the defendant.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny County.*

Case by .Victoria A. Seiler against James L. Orr and W. H. Gerdes for malicious prosecution.

On the trial in the Court below before STOWE, P. J., these facts appeared:

The husband of the plaintiff occupied a building of W. H. Gerdes, one of the defendants, as tenant, and carried on the business of selling liquors. He died January 31st, 1879, and the plaintiff took out letters of administration, and continued the business until the latter part of April, 1879, when she left the premises. In the front room was a partition, and on the roof was a sign, about four feet wide and nearly as long as the house, having the words " wines and liquors " painted on it. These belonged to Gerdes. The plaintiff also had two signs out front. In the latter part of April, 1879, the plaintiff had a public sale. The invoice of goods sold given to the purchaser included three signs, but at the sale the plaintiff told the auctioneer that the sign on the roof did not belong to her. It was not sold, and remained on the roof at the time of the trial. There was an ice-box back of the partition, and the purchaser in getting it out knocked the partition down and carried off the pieces. Gerdes was not aware of the removal until June. He then saw the purchaser, who told him that he had bought three signs and a partition. Gerdes did not authorize a prosecution.

Orr, the other defendant, testified that he was the agent of Gerdes to collect rents, and continued:

" He (Gerdes) said that they had broken the partition out of the back room; it would damage it for renting; and I asked him, ' Was the partition yours?' and he said, ' Certainly, it was mine, and they had stole the sign;' and I said, ' In case they did I would certainly make them bring that back or attend to it.' That was about the sum and substance of what passed between us, and I went around to Squire Neillie's, and I spoke to the squire about it. I told the squire these things had been taken away by them, and I went and looked, and I didn't think of looking on top of a three-story house for a sign. I looked on the cornice. I didn't see no sign there on the front, and Mr. Gerdes had described it as a large sign. I went right to the squire's; I was angry, because I thought

[Orr *v.* Seiler.]

they had come and taken the sign too, and I went to the squire's and talked to the squire; said these parties have taken these things away, what would be proper to do?  He said, ' You should enter a charge of larceny against them,' and I said, ' If that is what is right, you had better do it.' "

Orr then made information charging the plaintiff with larceny of the sign and partition, and she was arrested.  On the hearing before the alderman she was discharged.

Counsel for plaintiff asked the Court to charge, *inter alia :*

2.  That malice is of two kinds: malice in law and malice in fact ; that by the former is understood to be ill-will generally ; the latter, *malus animus*, directing the party from improper motives to do a wrong act intentionally towards the plaintiff.

5.  That when one accused of crime has been discharged by the examining magistrate, the burden of showing probable cause is thrown on the prosecution, in an action against him for malicious prosecution.

7.  That in estimating the damages, if the jury should find for the plaintiff, they are not confined simply to the actual damage, if any, sustained by the plaintiff, but have the right to take into consideration all the circumstances of aggravation attending the case, and to assess the damages by way of punishment on the defendants, for their wanton and reckless use of criminal process for the purpose of intimidation, or to compel the payment of money, or the restoration of property alleged to have been stolen.

These points the Court affirmed.

Counsel for defendants asked the Court to charge, *inter alia :*

2.  That if the jury believe that the defendant, Gerdes, was informed by Roerhig that Mrs. Seiler had sold to him, Roerhig, the sign and partition, and that he had possession of the partition, and Gerdes, believing this, communicated it to the defendant, Orr, and Orr, acting on this information, and after inspecting the premises, was of the belief that the sign and partition were both taken away, and being of the honest belief that Mrs. Seiler, the tenant, had disposed of them to Roerhig, he had probable cause of making the information.

4.  That there is no special damage alleged or proved in this case, and no such conduct on the part of either defendant as would justify a verdict for more than merely compensatory damages.

These points the Court refused.

Defendant excepted to the answers to the points.

[Orr *v.* Seiler.]

February 12th, 1880, verdict for the plaintiff for $500. Plaintiff subsequently entered a *nolle prosequi* as to the defendant, Gerdes, and entered judgment against the defendant, Orr.

Orr then took out a writ of error, assigning as errors the answers to the points.

*Charles C. Dickey* for plaintiff in error.

The Court below, in effect, made the issue of the trial turn upon the question of the actual guilt or innocence of the plaintiff, by the instruction that the discharge by the magistrate cast upon the defendant the burden of showing probable cause for the prosecution.

The proof of probable cause is an indispensable element in the plaintiff's case: Kirkpatrick *v.* Kirkpatrick, 3 Wright, 288; Dietz *v.* Langfitt, 13 P. F. Smith, 234; Stewart *v.* Sonneborn, 8 Otto, 187; Good *v.* French, 115 Mass., 201.

The damages should have been confined to compensation: Lister *v.* Perryman, L. R., 4 Eng. and Irish Appeals, 521.

*C. S. Fetterman* and *S. A. Johnston* for defendant in error.

Smith *v.* Ege, 2 P. F. Smith, 419; Travis *v.* Smith, 1 Barr, 234; Prough *v.* Entriken, 1 Jones, 81; Schofield *v.* Ferrers, 11 Wr., 194; Nagle *v.* Mullison, 10 Casey, 48; McBride *v.* McLaughlin, 5 Watts, 375; Abrahams *v.* Cooper, 31 P. F. Smith, 232: Mayfield *v.* White, 1 Browne, 241; Porter *v.* Seiler, 11 Harris, 424.

November 14th, 1881.—Per Curiam: We find no error in the answers of the learned Court to the points presented. There was nothing in the information given to Gerdes, and communicated by him to Orr, which made probable cause for the latter to institute a prosecution for larceny. As it appears that the proceeding was a wanton and a reckless one, and especially if the design was to get back property alleged to have been wrongfully taken, which, if it was true, could only be remedied by a civil action, there was no error in the instruction to the jury on the subject of damages.

Judgment affirmed.